NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSARIO FRANKLIN ROMERO-MENJIVAR, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71341 <br><br> Agency No. A099-534-392 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 25, 2010[**]

Before:   CANBY, THOMAS and W. FLETCHER, Circuit Judges.

Rosario Franklin Romero-Menjivar, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal and protection under the Convention Against Torture

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), and deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Romero-Menjivar failed to show his alleged persecutors threatened him on account of a protected ground, because being a witness to a crime is not a protected ground. *See Ramos Barrios v. Holder*, 581 F.3d 849, 860-61 (9th Cir. 2009) (explaining that members of a social group share common, immutable characteristics that are sufficiently distinct that members would be recognized by others as a discrete, socially visible class of persons); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (explaining that social group has particular and well-defined boundaries); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (explaining that personal retribution is not persecution on account of political opinion).

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that Romero-Menjivar did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

**PETITION FOR REVIEW DENIED.**

2